IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
Civil Action No. 3:17-cv-160-CRS

LARRY PALMER          PLAINTIFF
1014 South 3rd Street
Louisville, Kentucky 40203

v.

HAMILTON ACCOUNTS SERVICES, INC.          DEFENDANTS
18350 Blackburn Road
Westfield, Indiana 46074

    SERVE:     Todd W. Luedeke
                   18350 Blackburn Road
                   Westfield, Indiana 46074
                   (BY KENTUCKY SECRETARY OF STATE)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    SERVE:     CT Corporation System
                   306 W. Main Street, Suite 512
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:     The Prentice Hall Corporation System
                   421 W. Main Street
                   Frankfort, Kentucky 40601
                   (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Larry Palmer, and for his Verified Complaint against the Defendants, Hamilton Accounts Services, Inc. ("Hamilton"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding a false and derogatory Hamilton tradeline on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Larry Palmer, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1014 South 3rd Street, Louisville, Kentucky 40203.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Hamilton, is an Indiana corporation doing business in the Commonwealth of Kentucky with its principal place of business at 18350 Blackburn Road, Westfield, Indiana 46074.

5. Hamilton is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Experian is a "consumer reporting agency that compiles and maintains files on

2

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

13. In or around January 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Experian and Trans Union credit reports and discovered a false and derogatory tradeline furnished by Hamilton regarding an alleged past due collections account.

14. Immediately upon his discovery of the reporting of the Hamilton collections account, Plaintiff disputed the Hamilton tradeline with Experian and Trans Union. Specifically,

Plaintiff disputed Hamilton Account No. A100SOC066146**** with both Trans Union and Experian, stating in his disputes that the subject account does not belong to Plaintiff.

15. Upon information and belief, Experian and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Hamilton of the dispute at or within five (5) days of Experian and Trans Union receiving notice of the dispute from Plaintiff.

16. In February 2017, Plaintiff again accessed his Trans Union and Experian credit reports and discovered that Hamilton, Trans Union and Experian had verified the accuracy of the disputed Hamilton tradeline and that the tradeline was still reporting on Plaintiff's credit reports.

17. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Hamilton

18. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Hamilton's failure to investigate Plaintiff's dispute and its false reporting to Experian and Trans Union regarding the alleged past due collections account were negligent under applicable law.

20. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, Hamilton breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

21. Hamilton's failure to investigate Plaintiff's dispute and its false reporting to

4

Experian and Trans Union regarding the alleged past due collections account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

22. Hamilton's failure to investigate Plaintiff's dispute and its false reporting to Experian and Trans Union regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

23. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

24. Experian's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the Hamilton tradeline from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian disputing the tradeline, was negligent.

25. In failing to properly investigate Plaintiff's dispute of the Hamilton tradeline, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

26. Experian's negligent failure to properly investigate Plaintiff's dispute of the Hamilton tradeline and its consequent failure to remove the tradeline from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

27. Experian's failure to properly investigate Plaintiff's dispute of the Hamilton tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite

Plaintiff's lawful dispute to Experian, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Trans Union's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the Hamilton tradeline from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union disputing the tradeline, was negligent.

30. In failing to properly investigate Plaintiff's dispute of the Hamilton tradeline, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

31. Trans Union's negligent failure to properly investigate Plaintiff's dispute of the Hamilton tradeline and its consequent failure to remove the tradeline from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

32. Trans Union's failure to properly investigate Plaintiff's dispute of the Hamilton tradeline and its consequent failure to remove the tradeline from Plaintiff's credit report, despite Plaintiff's lawful dispute to Trans Union, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Hamilton

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Hamilton, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Experian and Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's Experian and Trans Union credit reports, that Plaintiff has past due collections accounts with Hamilton.

35. Hamilton's statements were false and were made with conscious disregard for the rights of the Plaintiff.

36. Hamilton's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Hamilton collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

37. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Hamilton and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due collections accounts with Hamilton.

39. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

40. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Hamilton collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Hamilton and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has past due collections accounts with Hamilton.

43. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

44. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Hamilton collections account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Hamilton

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Hamilton's failure to investigate Plaintiff's disputes and it initial and continuing false reporting to Experian and Trans Union of Plaintiff's alleged past due Hamilton collections account is a violation of Hamilton's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

47. Hamilton's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Hamilton is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiffs' credit report are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

50. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

51. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

52. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 51 as if fully set forth herein.

53. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiffs' credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

54. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding

investigation of disputed items under 15 U.S.C. §1681i.

55. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Hamilton

56. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Hamilton's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Experian and Trans Union of Plaintiff's alleged past due Hamilton collections account, despite Hamilton's knowledge of the falsity of its reporting, are willful violations of Hamilton's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

58. Given Hamilton's knowledge of the falsity of its reporting, Hamilton's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Hamilton is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

59. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

61. Experian's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

62. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Trans Union's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

66. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Larry Palmer, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Sam B. Carl
Sam B. Carl
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
sambcarl@gmail.com
*Co-Counsel for Plaintiff*

/s/David W. Hemminger
David W. Hemminger
CREDITLAW, P.S.C.
616 S. Fifth St.
Louisville, KY 40202
(502)
hemmingerlawoffice@gmail.com
*Co-Counsel for Plaintiff*

## VERIFICATION

I, Larry Palmer, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Larry Palmer

COMMONWEALTH OF KENTUCKY        )
                                ) SS
COUNTY OF JEFFERSON             )

Subscribed, sworn to and acknowledged before me by Larry Palmer this _13_ day of _March_, 2017.

_____
Notary Public
Commission expires: 6/23/2018

13